13 F.3d 407
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Lonnie E. TERRY, Petitioner-Appellant,
v.
James SORRELS, Attorney General of the State of Oklahoma,
Respondent-Appellee.
 No. 93-7085.
 United States Court of Appeals, Tenth Circuit.
 Dec. 20, 1993.
 
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Lonnie E. Terry, appearing pro se, appeals the district court's dismissal of his application for a writ of habeas corpus pursuant to 28 U.S.C. 2254 for abuse of the writ and procedural default. We hold that the district court properly dismissed the petition as an abuse of the writ.[2]
 
 
 3
 Mr. Terry was convicted and sentenced to thirty years by an Oklahoma district court for assault and battery with a dangerous weapon after two or more felony convictions. He filed a direct appeal of his conviction claiming that a new preliminary hearing was required, and that prosecutorial misconduct deprived him of a fair trial. The Oklahoma Court of Criminal Appeals affirmed his conviction.
 
 
 4
 After filing numerous applications for post-conviction relief in state district court, Mr. Terry filed the first of three petitions for federal habeas corpus relief. He claimed that he was denied equal protection and due process because he was not provided with a transcript of the preliminary hearing, and that he was denied effective assistance of counsel. His application was denied. Mr. Terry then filed a second federal habeas petition claiming that he was indirectly forced to testify against himself by way of prior convictions, and that the Oklahoma courts failed to adequately review his application for post-conviction relief. The application was dismissed.[3]
 
 
 5
 Mr. Terry filed another application for post-conviction relief in state district court alleging ineffective assistance of counsel and improper use of former convictions. He also filed an application for state habeas corpus relief claiming that the Oklahoma state courts lacked jurisdiction because the act was committed in Indian territory. The Oklahoma Court of Criminal Appeals affirmed the denial of both applications on the grounds of procedural bar.
 
 
 6
 Mr. Terry filed this third application for federal habeas corpus relief alleging lack of jurisdiction and improper use of former convictions. He claims that because he is an Indian and because the acts were committed on Indian lands, the State of Oklahoma had no jurisdiction in the case. He also asserts that one of the prior crimes used to enhance his conviction was invalid because he was improperly tried as an adult. The lower court adopted the findings and recommendation of the magistrate judge and held that Mr. Terry's application was an abuse of the writ and subject to procedural bar.
 
 
 7
 Mr. Terry raises two grounds for relief in the application at issue. Neither ground was raised in his two earlier federal habeas corpus applications. Rule 9(b) of the Rules Governing 2254 Cases states that the court may dismiss a second or successive petition that raises new grounds if it finds that the petitioner's failure to raise the grounds in a prior petition constituted an abuse of the writ.
 
 
 8
 In McCleskey v. Zant, 111 S.Ct. 1454 (1991), the Supreme Court clarified the proper standard for applying the abuse of the writ doctrine. The Court held that the cause and prejudice analysis used in procedural default cases applies to abuse of the writ inquiries. Id. at 1470. The government must first meet its burden of pleading abuse of the writ. Id. The burden then shifts to the petitioner to show cause for failing to raise the claim earlier, and prejudice resulting from the alleged error. Id. If a petitioner can not meet this standard, a court may hear the merits of the claim only if a failure to do so would constitute a "fundamental miscarriage of justice." Id. This exception is very narrow, and limited to cases where the petitioner can show "actual" or "factual" innocence. Sawyer v. Whitley, 112 S.Ct. 2514, 2519 (1992). The Court has emphasized that legal innocence is not sufficient. See id.
 
 
 9
 In the instant case, the government met the burden of pleading abuse of the writ. Mr. Terry failed to show cause under the McCleskey standard, and he does not claim that he was actually innocent of the crime for which he was convicted. We therefore AFFIRM the district court's dismissal of this action.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Because we agree that Mr. Terry's application is an abuse of the writ, we need not reach the question of procedural bar
 
 
 [3]
 The application was dismissed based on the magistrate judge's report stating that the government sought dismissal due to the failure to exhaust state remedies. The government, however, claims that they moved to dismiss the application as an abuse of the writ